**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOBBY GIRIFALCO and KAREN CLOSKEY, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>EMPIRE TODAY, LLC,<br><br>*Defendant*. | No. 2:26-cv-05272-MMB<br><br>Hon. Michael M. Baylson |

**DEFENDANT EMPIRE TODAY, LLC'S PARTIAL MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Empire Today, LLC moves to dismiss Count II of Plaintiffs' Class Action Complaint (ECF 1) because the Telephone Consumer Protection Act does not create a private right of action for enforcement of 47 C.F.R. § 64.1601(e). Pursuant to Local Civil Rule 7.1(c), a brief in support is attached.

Respectfully submitted,

**BAKER & HOSTETLER, LLP**

/s/ Alyse F. Stach
Alyse F. Stach
E.D. Pa. Bar # 328562
1735 Market St., Suite 3300
Philadelphia, PA 19104-2891
Tel: (215)-568-3100
Email: astach@bakerlaw.com

Rand L. McClellan, Esq.
(*Pro Hac Vice Forthcoming*)
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone: (614) 462-4782
Email: rmcclellan@bakerlaw.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOBBY GIRIFALCO and KAREN CLOSKEY, *individually and on behalf of all others similarly situated,*<br><br>*Plaintiffs*,<br><br>v.<br><br>EMPIRE TODAY, LLC,<br><br>*Defendant*. | No. 2:26-cv-05272-MMB<br><br>Hon. Michael M. Baylson |

**DEFENDANT EMPIRE TODAY, LLC'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiffs Bobby Girifalco ("Girifalco") and Karen Closkey ("Closkey") ("Plaintiffs") allege Empire Today, LLC ("Empire Today") violated the Telephone Consumer Protection Act ("TCPA"). (*See generally* 47 U.S.C. § 227; Compl., Dkt. No. 1). At issue here is Count II of the Complaint, which alleges Empire Today violated 47 C.F.R. § 64.1601(e) (the "Caller-ID Rules").

The Caller-ID Rules, however, lack a private right of action. First, private rights of action must be express, but nothing in the TCPA regulations, the Caller-ID Rules, or their origins—FCC Report and Order, CG Docket No. 02-278, FCC 03-153, *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991* (2003 Order), 18 FCC Rcd. 14014, ¶¶ 16, 55–62, 173–84 ("2003 Report and Order")—state that a private right of action exists. If the FCC intended to create a private right of action, then it would have said so; it would have at least placed the Caller-ID Rules within the TCPA regulations—47 C.F.R. § 64.1200—and not a totally different Subpart. Indeed, most courts hold that the Caller-ID Rules lack a private right of action. Second, a private right of action for a Caller-ID violation is contrary to the TCPA's purpose to

"protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations *to which they object*." 47 U.S.C. § 227(c)(1) (emphasis added). Subscribers signal they object by either placing their number on the National Do No Call Registry ("NDNCR") or making a "company specific" do-not-call request. *See* 47 C.F.R. § 64.1200(c)(2), (d). But because TCPA damages are assessed on a per call (not per violation) basis, only subscribers who have *not* signaled their objection could recover for a Caller ID violation. That result is inconsistent with the purpose of 227(c) and leads to an absurd result.

Third, interpreting the Caller-ID Rules to have a private cause of action conflicts with 47 U.S.C. § 227(c) that restricts "telephone solicitations," which *do not* include calls to "any person with whom the caller has an established business relationship." 47 U.S.C. § 227(a)(4). The Caller-ID Rules, however, apply to all "companies engaged in telemarketing, and the existence of an established business relationship . . . shall not be an exception." (2003 Report and Order ¶ 184). Inferring a private cause of action for the Caller-ID Rules would expand violations to entities that Congress exempted from the definition of "telephone solicitation" – calls involving an "established business relationship" – and thus conflict with the statute. 47 U.S.C. § 227(a)(4), (c).

For these reasons, this Court should dismiss Count II of the Complaint.

## II. FACTUAL BACKGROUND[1]

The Caller-ID Rules state that entities engaged in telemarketing should transmit "caller identification information" ("Caller ID information") that includes either the "calling party number" ("CPN") or "automatic numbering information" ("ANI"), and, when available by the

[1] For purposes of Empire Today's Partial Motion to Dismiss, the Court must accept the Plaintiffs' well-pleaded allegations as true. *Three Rivers Ctr. for Indep. Living v. Housing Auth. of City of Pittsburg*, 382 F.3d 412, 419 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Empire Today does not admit those allegations.

telemarketer's carrier, the name of the telemarketer. *See* 47 C.F.R. § 64.1601(e)(1). Telemarketers may not block the transmission of Caller ID information. *See id.* § 64.1601(e)(2).

According to the Complaint, Plaintiffs placed their phone numbers on the NDNCR sometime before July 14, 2025. (Compl. ¶ 23). On July 14, 2026, Plaintiffs allegedly received a telephone solicitation on their residential landline from "US Home Services." (*Id.* ¶¶ 20–22, 26–27). This telephone solicitation allegedly came from a "spoofed" number. (*Id.* ¶ 28). On this call, a telemarketer stated that she was providing free estimates for home improvement and, after encouragement from Closkey, connected her with Empire Today. (*Id.* ¶¶ 29–39). Plaintiffs later received a call from "Home Services," also allegedly from a "spoofed" number. (*Id.* ¶¶ 52, 55). Plaintiffs subsequently brought a claim for a violation of 47 C.F.R. § 64.1601(e). (*Id.* ¶¶ 79–85).

## III. CALLER-ID RULES HISTORY

The Caller-ID Rules are not in the TCPA regulations, 47 C.F.R. § 64.1200. Instead, they are located at 47 C.F.R. § 64.1601(e). The Caller-ID Rules and TCPA regulations are classified in different Subparts: the Caller-ID Rules are under Subpart P, "Calling Party Telephone Number; Privacy," while the other TCPA regulations are under Subpart L, "Restrictions on Telemarketing, Telephone Solicitation, and Facsimile Advertising."

The 2003 Report and Order that amended 47 C.F.R. § 64.1601 and added the Caller-ID requirement did discuss the TCPA, but did not link the Caller-ID Rules to a specific statute or state they were meant to create a private cause of action. The 2003 Report and Order has general references to the TCPA's goals (¶ 184), with citations to 47 U.S.C §§ 222, § 227, and § 303(r) (¶ 222). The 2003 Report and Order thoroughly discusses both the NDNCR and "company specific" do-not-call lists, both of which have explicit references to § 227(c).[2] (¶¶ 16–96). The

[2] In its discussion of the company specific do-not-call list, the 2003 Report and Order refers to its 1992 TCPA Order, which specifically references 47 U.S.C. 227(c). *See* FCC Report and Order,

FCC's discussion of the Caller-ID Rule, however, lacks any reference to § 227(c). (2003 Report and Order ¶¶ 173–84).

## III. LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. LAW AND ARGUMENT

### A. A Private Right of Action Must Be Expressly Created, Not Implied.

Private rights of action to enforce federal laws are created by Congress, not by courts. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017). If the statute does not show an intent to create a private remedy, then "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Ziglar*, 582 U.S. at 133 (citing *Alexander*, 532 U.S. at 286). Similarly, "[w]here a statutory scheme and its implementing regulations have expressly created a private right of action but have not expressly done so elsewhere in the same scheme, it is 'highly improbable' that Congress—or here, the FCC—'absent mindedly forgot to mention an intended private action.'" *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *16 (S.D. Cal. Nov. 6, 2017) (quoting *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979). If a statute or regulation does not display an intent to create a private remedy, a cause of action does not exist. *See Alexander*, 532 U.S. at 286–87; *Ziglar*, 582 U.S. at 133.

---

CG Docket No. 92-90, FCC 92-443, *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991* (1992 Order), 7 FCC Rcd. 8752, ¶¶ 23–24 (1992) ("1992 TCPA Order").

**B. The Caller-ID Rules Do Not Create a Cause of Action, Explicitly or Otherwise**.

1. The Caller-ID Rules are not in the TCPA regulations.

The TCPA's implementing regulations are found in 47 C.F.R. § 64.1200, entitled "Restrictions on Telemarketing, Telephone Solicitation, and Facsimile Advertising." *See Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 362 (E.D. Pa. 2019), *aff'd*, 805 F. App'x 156 (3d Cir. 2020) (referring to the regulations found in 47 C.F.R. § 64.1200 as the "resulting regulations" from the TCPA). The regulations found in 47 C.F.R. § 64.1200 identify the private rights of action under the TCPA. *See, e.g.*, 47 C.F.R. § 64.1200(c)(1) (prohibiting telephone solicitations before the hour of 8 a.m. or after 9 p.m.); *id.* § 64.1200(c)(2) (prohibiting telephone solicitations to individuals who have placed their number on the NDNCR).

The Caller-ID Rules, meanwhile, are codified in a different Subpart: 47 C.F.R. § 64.1601(e). This Subpart, entitled "Calling Party Telephone Number; Privacy," is "mostly in furtherance of the FCC's duty to regulate services of telephone carriers." *See Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th Cir. 2017). The fact that the FCC declined to include the Caller-ID Rules in the TCPA regulations, and instead put them in Section 64.1601(e), suggests that the Rules were not understood to create a private right of action under the TCPA. *Cf. Meyer*, 2017 WL 5138316, at *16 (finding it "highly improbable" that the FCC forgot to mention an intended private action when implementing regulations created a private right of action).

2. The Caller-ID Rules are silent as to their statutory basis.

While the 2003 Report and Order discusses the Caller-ID Rules in the context of the TCPA, it does not specify the statute under which the Caller-ID Rules were promulgated. The TCPA Subsection (b) pertains to restrictions on the use of automated telephone equipment and prerecorded calls, *see* 47 U.S.C. § 227(b), while Subsection (c) pertains to "telephone

solicitations." *See* 47 U.S.C. § 227(c) ("[T]he Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving *telephone solicitations* to which they object.") (emphasis added). Both Subsections (b) and (c) provide for a private right of action. *See id.* § 227(b)(3), (c)(5). However, Subsection (d), which concerns "[t]echnical and procedural standards," does not create a private right of action. *See id.* § 227(d). But Subsection (d) pertains to telephone facsimile machines, automatic telephone dialing system, and artificial or prerecorded telephone messages. *Id.*[3]

The Caller-ID Rules do not "fit neatly into the focus" of Subsection (c). *Worsham*, 2016 WL 4592373, at *4. The Caller-ID Rules do not neatly in Subsection (b) or (d) either. As one court noted, "[i]t seems just as likely that the FCC may have only intended to ensure consistency between its preexisting Caller ID regulations and its revised TCPA regulations and/or the FTC's regulations pertaining to telemarketing when the FCC promulgated § 64.1601(e); those efforts all occurred at the same time." *Id.* Regardless, this ambiguity about the statutory basis of the Caller-ID Rules cuts against a private right of action. "Where a statutory scheme and its implementing regulations have expressly created a private right of action but have not expressly done so elsewhere in the same scheme, it is 'highly improbable' that Congress—or here, the

[3] Note, the TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq*. *See* 2003 Report and Order ¶ 1 n.1; *see also* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991). Under 47 U.S.C. § 201(b), the FCC "may prescribe such rules and regulations as may be necessary in the public interest to carry out the provisions of this *chapter*." (emphasis added).

FCC—'absent mindedly forgot to mention an intended private action.'" *Meyer*, 2017 WL 5138316, at *16.

3. <u>The 2003 Report and Order does not support a right of action for the Caller-ID Rules.</u>

The 2003 Report and Order revised a host of TCPA regulations and adopted new rules regarding telephone solicitations. (*See* ¶ 1). But the 2003 Report and Order shows that there is not a private right of action to enforce the Caller-ID Rules. First, when discussing the NDNCR regulations—located in 47 C.F.R. § 64.1200(c)—the FCC states multiple times that the regulations were promulgated under 47 U.S.C. § 227(c). (*See* 2003 Report and Order ¶¶ 16, 28, 39–40, 55–62). Second, the 2003 Report and Order also discusses "company specific do-not-call lists." (*See id.* ¶¶ 86–96). These lists have their origin in the FCC's 1992 TCPA Order, which also specifically references 47 U.S.C. 227(c). (*See* 1992 TCPA Order ¶¶ 23–24). Moreover, the 2003 Report and Order repeatedly refers back to 227(c)'s purpose to *prevent* calls to which people object. For example, it states that it believes the company specific rule will allow consumers "to tailor their requests not to be called, either on a case-by-case basis under the company do-not-call approach or more broadly under the national registry." (2003 Report and Order ¶ 90).

In contrast, the discussion of Caller-ID Rules does not cite any provision of the TCPA, let alone mention a private right of action (*e.g.*, § 227(c)). (*See id.* ¶¶ 173–84). Instead, the Caller-ID Rules are described as a means to help enforce do-not-call rules. The FCC's 2003 Report and Order states Caller-ID Rules "will improve the ability of consumers to identify and enforce *do-not-call* rights against telemarketers." (*Id.* ¶ 91) (emphasis added). In the section centered on the Caller-ID Rules, the FCC states that, "Caller ID allows consumers to screen out unwanted calls and to identify companies that they wish to ask not to call again." (*See id.* ¶ 179). Further, "Caller ID also should increase accountability and provide an important resource *for the FCC and FTC in pursuing enforcement actions* against TCPA . . . violators." (*See id.*) (emphasis added). Section

227(c), however, is not cited in this discussion of the Caller-ID Rules. *See id.* ¶¶ 173–84. Nothing in these statements states or implies a private cause of action to enforce the Caller-ID Rules.

Neither 47 C.F.R. § 64.1601(e) nor the FCC's 2003 Report and Order indicate that the Caller-ID Rules are promulgated under Section 227(c) or were to be enforced via private lawsuits.

4. <u>Most courts have held that the Caller-ID Rules do not create a private right of action.</u>

Subsection (c) of the TCPA requires the FCC to make rules to "protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

Most courts have determined that the Caller-ID Rules do not fall under 47 U.S.C. § 227(c) and thus do not create a private right of action. In *Worsham*, the District of Maryland noted that Caller ID technology "does not fit neatly into the focus" of Subsection (c). 2016 WL 4592373, at *4. It found that the Caller-ID Rules were meant to "*support* consumers' enforcement efforts under the TCPA's subsection *c*, rather than to *create* a separate mechanism upon which a consumer can make an actionable claim." *Id.* Subsequent decisions have agreed with the conclusion in *Worsham*, finding that there is no private right of action to enforce the Caller-ID Rules. *See, e.g.*, *Griffin v. Am.-Amicable Life Ins. Co. of Tex.*, No. 6:24-cv-243-MC, 2024 WL 4333373, at *5 (D. Or. Sep. 27, 2024); *Dobronski v. Transamerica Life Ins. Co.*, 13 N.W.3d 895, 905–07 (Mich. Ct. App. 2023); *Braver v. Clear Sky Fin., LLC*, No. CIV-22-710-R, 2023 WL 12250902, at *4–5 (W.D. Okla. Jan. 3, 2023); *Meyer*, 2017 WL 5138316, at *16 *Tom v. Delancy St. Grp., LLC*, No. 26-CV-1150 (JMA) (ST), 2026 WL 2255107, at *6 (E.D.N.Y. Aug. 5, 2026). *But see Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 578–79 (E.D. Pa. 2025).

The Caller-ID Rules are not within the TCPA regulations, do not identify their statutory basis, do not state they have or support a private right of action, and most courts that have addressed the issue find they lack a private right of action.

### C. Inferring a Private Right of Action for the Caller-ID Rules is Inconsistent with the TCPA's Language and Purpose, and It Leads to Absurd Results.

In general, if a person who has placed their residential telephone number on the NDNCR receives a "telephone solicitation" without consent (47 C.F.R. § 64.1200(c)) or receives a call after making a "request not to receive such calls made by or on behalf of that person or entity" (47 C.F.R. § 64.1200(d)), then that person has a TCPA claim for damages. For such persons, however, damages for a Caller ID claim would not be available because Subsection 227(c)(5) provides for damages on a per call (*not* per violation) basis. *Shelton*, 378 F. Supp. 3d at 365.

Conversely, a person whose residential number is *not* on the NDNCR or who did *not* make a company specific do-not-call request does not have a claim under either 47 C.F.R. § 64.1200(c) or (d). Nor do they fall within the TCPA's purpose, which is to "protect residential telephone subscribers' privacy rights *to avoid receiving telephone solicitations* to which they object." 47 U.S.C. § 227(c)(1) (emphasis added).

Given the above, the only persons who could recover for a Caller-ID Rules violation would be persons who receive "telephone solicitations" to which they did *not* object (*i.e.,* via the NDNCR or a company specific do-not-call request). But it makes little sense to provide a cause of action for persons who receive telephone solicitations to which they have *not* objected.

The do-not-call provisions of the TCPA were designed to create a result "consistent with Congress' directive in the TCPA that '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be *balanced* in a way that protects the privacy of individuals and permits legitimate telemarketing practices.'" (2003 Report and Order ¶ 26) (emphasis added). That balance allows persons to: "(1) place their number on the [NDNCR]; (2) continue to make do-not-call requests of individual companies on a case-by-case basis; and/or (3) register on the [NDNCR], but provide specific companies with express permission to call them."

(*Id.* ¶ 26). Allowing Caller ID claims for persons who have not taken any of these steps is not consistent with the TCPA's mandate or the balance sought by the FCC.

Moreover, allowing private rights of action for Caller-ID Rules violations would lead to an absurd result. "[C]ourts should interpret a law to avoid absurd or bizarre results." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (quoting *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 338 (3d Cir. 2006)). "An absurd interpretation is one that 'defies rationality or renders the statute nonsensical and superfluous.'" *Id.* (quoting *United States v. Moreno*, 727 F.3d 255, 259 (3d Cir. 2013)). The absurd result here is that persons who object to, but then receive, telephone solicitations that violate the Caller-ID Rules would lack a damages claim, while those who have not objected would have a damages claim. That makes little sense for a statute designed to prevent people from "*receiving telephone solicitations* to which they object." 47 U.S.C. § 227(c)(1) (emphasis added).

Instead, the Caller-ID Rules should be interpreted, as stated by the FCC, as a complement that "will improve the ability of consumers to identify and enforce do-not-call rights against telemarketers"; not as a cause of action itself. (2003 Report and Order ¶ 91).

**D. A Private Right of Action for a Caller-ID Rules Violation Would Conflict With 227(c).**

When an agency implements a regulation, it must act within its delegated authority. *See In re Yellow Corp.*, 152 F.4th 491, 501 (3d Cir. 2025) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024)). "[C]ourts must 'independently identify and respect such delegations of authority, police the outer boundaries of those delegations, and ensure that agencies exercise their discretion' appropriately." *Id.* (quoting *Loper Bright Enters.*, 603 U.S. at 404).

When an agency's regulation applies to a broader category than permitted by the delegating statute, the agency has exceeded its mandate. *See Zheng v. Gonzalez*, 422 F.3d 98, 119 (3d Cir. 2005). In *Zheng*, the statutory provision at issue showed Congress's "clearly expressed intent"

that parolees be eligible for adjustment of their immigration status. *Id.* at 118–20. However, the Attorney General promulgated a regulation that "render[ed] paroled aliens ineligible to apply for adjustment of status." *Id.* at 119. The Third Circuit found that this regulation exceeded Congress's delegation of authority since it prohibited something expressly allowed by statute. *Id.* at 119–20.

Here, 47 U.S.C. § 227(c)(1) authorizes the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." "Telephone solicitation" is defined as

> the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, *but such term does not include a call* or message to any person with that person's prior express invitation or permission, *to any person with whom the caller has an established business relationship*, or by a tax exempt nonprofit organization.

47 U.S.C. § 227(a)(4) (emphasis added). Telephone solicitations in violation of the NDNCR or company specific do-not-call requests have private rights of action. *See* 47 U.S.C. § 227(c)(5).

But the Caller-ID Rules apply to "telemarketing", defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *See* 47 C.F.R. § 64.1601(e); *id.* § 64.1200(f)(13). This definition does not contain the exceptions for prior express invitations, established business relationships, or non-profit organizations found in the definition of "telephone solicitation" in 47 U.S.C. § 227(a)(4).[4] The FCC even expressed its intention *not* to except established business relationships from the Caller-ID Rules in the 2003 Report and Order. *See* ¶ 184. Thus, like the Attorney General's regulation in *Zheng*, if the Caller-ID Rules have a private

[4] However, the Caller-ID Rules provide that "[t]ax-exempt nonprofit organizations are not required to comply." *See* 47 C.F.R. § 64.1601(e)(3).

cause of action, then the Caller-ID Rules apply to a broader category of conduct than prohibited by Section 227(c), so the regulation would exceed the FCC's mandate.

**E. A Decision from this District Held the Caller-ID Rules Have a Private Right of Action; This Court Should Rule Otherwise.**

As Plaintiffs note in their Complaint, a prior Eastern District of Pennsylvania case found that there *is* a private right of action to enforce the Caller-ID Rules. (*See* Compl. ¶ 16 (citing *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 575 (E.D. Pa. 2025) (McHugh, J.))). However, "a district court's decision, whether published in a reporter or not, binds only the parties in *that* case and 'no judge in any other case.'" *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) (quoting *Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir. 1993)). A decision of a federal district court judge is not binding precedent, even on cases from the same judicial district. *Id.* (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)); *see also Goldstein v. Am. States Ins. Co.*, No. 18-3163, 2018 WL 6198463, at *4 (E.D. Pa. Nov. 28, 2018) (Baylson, J.).

In *Newell*, the plaintiff received telephone solicitations despite being on the NDNCR; the telephone solicitations also did not include the name of the company or the hired telemarketer. 791 F. Supp. 3d at 574–75. The plaintiff brought suit for multiple violations of the TCPA, including the Caller-ID Rules. *Id.* at 575. The defendant moved to dismiss because the regulation did not create a private right of action. *Id.* After acknowledging that the FCC did not identify which TCPA provision it relied upon to promulgate the Caller-ID Rules, the Court held that it was promulgated under 47 U.S.C. § 227(c). *Id.* at 575, 578. The Court reviewed the text and administrative history of the Caller-ID Rules and found that Caller ID was a "network technology," and thus fell under Subsection (c) rather than Subsection (d). *Id.* at 578. It found that "a violation of § 64.1601(e) is clearly a violation of regulations prescribed under § 227(c)." *Id.* at 582.

For the reasons above, this Court should hold that violations of the Caller-ID Rules do not give rise to a private right of action. *Newell*'s conclusion that the Caller-ID Rules are enforceable in private lawsuits is rebutted by the regulation's text and the 2003 Report and Order. Neither source identifies Subsection (c) as the statutory basis for the Caller-ID Rules. *Newell* gives insufficient weight to the FCC's decision not to include a reference to 227(c) when discussing Caller-ID Rules in its 2003 Report and Order—despite repeatedly doing so earlier *in the same document* when discussing do-not-call violations under both 47 C.F.R. § 1200(c) and (d). Nor does *Newell* address the bizarre result of creating a cause of action only for those who did not object to telephone solicitations. Finally, even if the FCC understood the Caller-ID Rules to create a private right of action, the Caller-ID Rules' expansion of the covered conduct from "telephone solicitations" to all "telemarketing" exceeds its statutory mandate.

Holding that there is no private right of action would align more closely with the statute and regulation, the apparent intent of both Congress and the FCC, and the decisions of a number of other courts that have considered the issue. As stated last month by the Eastern District of New York, "this Court is persuaded by the majority approach, which finds there is no private right of action given § 64.1601(e)(1)'s silence on the matter." *Tom*, 2026 WL 2255107, at *6.

## V. CONCLUSION

For the foregoing reasons, the TCPA does not create a private right of action to enforce the Caller-ID Rules. Thus, Count II of the Complaint should be dismissed.

Respectfully submitted,

**BAKER & HOSTETLER, LLP**

*/s/* Alyse F. Stach
Alyse F. Stach
E.D. Pa. Bar # 328562
1735 Market St., Suite 3300
Philadelphia, PA 19104-2891
Tel: (215)-568-3100
Email: astach@bakerlaw.com

Rand L. McClellan, Esq.
(*Pro Hac Vice Forthcoming*)
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone: (614) 462-4782
Email: rmcclellan@bakerlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/* Alyse F. Stach
Alyse F. Stach

*Attorney for Defendant*